UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

JOSE FRANCISCO GARDUNO ZETINA,

          Petitioner,                      Case No. 1:26-cv-374

v.                                         Honorable Paul L. Maloney

KEVIN RAYCRAFT et al.,

          Respondents.
_____/

## **ORDER**

      This is a habeas corpus action brought by counsel on behalf of an individual detained by the United States Immigration and Customs Enforcement at the North Lake Processing Center in Baldwin, Lake County, Michigan. In an Opinion and Judgment entered on February 25, 2026, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of the Court's Opinion and Judgment or, in the alternative, immediately release Petitioner from custody. (Op. & J., ECF Nos. 7, 8.) The Court further directed Respondents to file a status report within six business days of the date of the Court's Opinion and Judgment to certify compliance with Court's Opinion and Judgment. (Op. & J., ECF Nos. 7, 8.)

      On March 5, 2026, Respondents filed a status report, indicating that a bond hearing had been held, and that Petitioner had been denied bond. (Status Report, ECF No. 9; Bond Order, ECF No. 9-1.) That same day, Petitioner filed a motion and brief to enforce the Court's February 25th judgment. (ECF No. 10.) In the motion, Petitioner states that he was denied bond at the bond hearing, and he argues that the Immigration Judge improperly concluded that Petitioner was a

flight risk. In light of this, Petitioner asks this Court to order his immediate release from custody or to schedule a bond hearing before a neutral factfinder, where the burden is on the Government to prove by clear and convincing evidence that the detainee poses a danger or flight risk. (*Id.*, PageID.129.) In their response to Petitioner's motion, Respondents argue that Petitioner's challenge to the bond hearing was not resolved within the context of this § 2241 action and that Petitioner must raise his claims in a new action. (ECF No. 11.)

In Petitioner's motion, Petitioner seeks to challenge the nature of the bond hearing that was held in response to the Court's February 25, 2026, Opinion and Judgment. However, the Court notes that the issues raised, and the relief sought, in Petitioner's initial § 2241 petition (ECF No. 1) were resolved by the Court's February 25, 2026, Opinion and Judgment and the holding of the § 1226 bond hearing in Immigration Court. Although Petitioner is free to challenge the § 1226 bond hearing, any challenge to the constitutionality of the § 1226 bond hearing raises new claims that were not raised in Petitioner's original § 2241 petition and that were not addressed by the Court's February 25, 2026, Opinion and Judgment. Therefore, the Court will deny Petitioner's motion to enforce the judgment. If Petitioner wishes to file a *new* § 2241 petition raising claims regarding the bond hearing that was held in response to the Court's February 25, 2026, Opinion and Judgment, Petitioner may do so by filing a new action with the applicable filing fee or an application to proceed *in forma pauperis*.

Accordingly,

**IT IS ORDERED** that Petitioner's motion and brief to enforce the Court's February 25th judgment (ECF No. 10) is **DENIED**.

Dated: March 6, 2026    /s/ Paul L. Maloney
                                                  Paul L. Maloney
                                                  United States District Judge